[No. 1168.  Decided May 28, 1894.]

GALUSHA PARSONS, *Appellant*, v. SVEN PEARSON *et al.*, *Respondents.*

MECHANICS' LIENS — CLAIM UPON HOMESTEAD — NOTICE.

A mechanic's lien may be claimed for the erection of a dwelling house, although the premises are at the time intended to be claimed as a homestead.

In claiming a lien for the erection of a building upon the separate property of one spouse, it is not necessary to name the other spouse in the notice.

*Appeal from Superior Court, Kittitas County.*

*Parsons, Corell & Parsons*, for appellant.

*H. J. Snively*, and *Pruyn & Ready*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—Appellant contracted with respondent, Sven Pearson, to erect a dwelling house on certain real estate, being three lots situated in the city of Ellensburgh, and said respondent contracted to convey to him in payment therefor a certain other lot situated in said city, the same to be free from all encumbrances, and in case it was not free from encumbrances then he, respondent, would pay appellant a sum equal to the total amount of the encumbrance.  The respondents were husband and wife, and had previously resided upon the lots in question whereon said building was to be erected, the house in which they had previously lived having been destroyed by fire.  Said real estate, however, was the separate property of the husband. Appellant built the house as agreed, and took a conveyance, with the usual covenants of warranty, of the lot which he was to receive in payment, and which was at the time subject to a mortgage amounting to $560, and upon a settle-

ment between the parties it was found that there was due appellant the sum of $625, the excess over the amount of the mortgage encumbrance being for extra work done upon the building. This settlement was in writing, and recited that the building had been completed, that there was due and payable $625, for which appellant was entitled to a mechanic's lien upon said house and lot, and stated that it was agreed that he should have a mechanic's lien upon said property for said sum. Appellant, however, took steps to obtain and preserve his lien under the statute by filing the notice prescribed, and this action was brought to foreclose the same. Judgment was rendered in favor of the respondents, and this appeal was prosecuted.

It is contended by the respondents that the right to a mechanic's lien does not obtain against a homestead; that notwithstanding the fact that respondents were not living on the lots at the time the contract was entered into for the erection of the house, appellant knew they had previously lived thereon and were intending to live there again as soon as the house was completed which he was erecting for them. Proof was offered to this effect, which the court ruled out, but the case will be considered as though said facts were established.

It is further contended by them that the agreement entered into, that appellant should have a lien on said property, operated to defeat his right to claim a lien under the statute, and that it was invalid of itself to give any right to a lien. It is not contended by appellant that this contract was of any force as establishing his right to a lien.

As to the first contention, we are of the opinion that appellant had a right to a lien against said real estate, notwithstanding the respondents intended it as a homestead. The respondents cite § 481 *et seq.* of the Code of Procedure, relating to homestead exemptions, and especially § 483, providing that the same may be mortgaged, and contend

that a lien can be created against the same in no other way than as provided in said section. But, under the circumstances of this case, at least, we do not think this claim can be maintained. There is no way pointed out in this state as to how a homestead shall be identified or claimed. Sec. 481 of the Code of Procedure provides that it may be selected at any time before sale. Sec. 1404, Gen. Stat., is as follows: ·

"The husband cannot select a homestead from the separate property of the wife, nor the wife from the separate property of the husband, but either may select and hold a homestead from his or her separate property, and the husband may select a homestead from the community property. But if the husband neglect or refuse to select such homestead, then the wife may select the same: *Provided*, That but one homestead shall be selected or held by husband or wife, and it must embrace the dwelling house in which one or both of them reside."

There is nothing to show that the respondents were not possessed of other property, separate or community. It will be observed that under the section aforesaid the wife could not have selected this property in question as a homestead, it being the separate property of the husband. Each spouse is free generally to contract separately with regard to his or her separate property, and the husband could enter into a valid contract for the erection of a house on his separate real estate, and the right to a lien for the erection thereof should obtain under the statute, especially in view of the fact that there is no way of knowing in advance that the same will be claimed as a homestead. Had said real estate been the community property of the respondents, the only real estate possessed by them, had they intended it as their homestead, and had appellant had notice of these facts, we are not prepared to say that the result would or would not have been the same, as that question is not presented.

Much more complicated questions may arise under these sections relating to homestead claims and exemptions than the one presented here, although this one presents some difficulties. Although the respondents at the time the contract was entered into intended to claim this particular real estate as a homestead, and did claim it as such, there was nothing to prevent them from thereafter changing their minds; and to hold that the right to a lien under the statute will not obtain against a homestead claim in this state might allow the owners to defeat such a right although such real estate was not a homestead, and they did not intend to claim it as one at the time the contract for the erection of a building thereon was entered into, for under the law they are entitled to select a homestead at any time before sale.

It is true § 1404 provides that such selection must em. brace the dwelling house in which one or both of the claimants reside, but they may be possessed of more than one dwelling house, and a change of residence is easily made. Homestead rights are generally favored in the law, and ought to be so favored, but to render a homestead claim paramount in all cases to a right to a mechanic's or a materialman's lien it seems as though there should be some way provided for selecting it in advance of the contract, to the end that all persons may be notified thereof, as otherwise the equities may be in favor of other lien claimants. In this case appellant undoubtedly has the most meritorious claim, for it was only as the result of his labor and the expenditure of his money for the materials therefor that a house was erected on the lots aforesaid in which the respondents could reside, and by which it could be rendered of any benefit to them as a homestead.

The claim of the respondents that the notice of lien was insufficient on the ground that it ran against the husband only, and did not mention the wife, has been practically

disposed of in what we have above said.   The land being the separate property of the husband, and he being authorized to contract for the erection of a building thereon, and being the only one authorized to claim it as a homestead, it was not necessary to name the wife in the notice, and she was made a party to the action to foreclose the lien.

The judgment is reversed and the cause remanded, with instructions to enter a judgment and decree in favor of appellant against the husband, Sven Pearson, for the amount due, and foreclosing the lien aforesaid against the respondents as prayed for.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.